UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| **James Stile,** | : | |
| | : | CIV. ACTION NO. 17-2430(RMB) |
| Petitioner, | : | |
| | : | |
| v. | : | OPINION |
| | : | |
| **Warden David Ortiz,** *et al.***,** | : | |
| | : | |
| | : | |
| Respondents. | : | |

**BUMB**, U.S. District Judge

Petitioner, a prisoner confined at FCI Fort Dix, in Fort Dix, New Jersey, submitted a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (ECF No. 1.) Petitioner alleged the conditions at FCI Fort Dix, including but not limited to exposure to asbestos black mold, and contaminated water are dangerous to his health, and mass punishment practices create a dangerous living environment. (Id.) For relief, Petitioner seeks early release from prison pursuant to 18 U.S.C. § 3626,[1] based violation his Eighth Amendment rights, money

---

[1] 18 U.S.C. § 3626(a)(C)(3) provides:

> Prisoner release order.--(A) In any civil action with respect to prison conditions, no court shall enter a prisoner release order unless--

damages, and injunctive relief to improve the conditions of the prison.

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485 (3d Cir. 2001) (citing U.S. v. Addonizio, 442 U.S. 178, 185–88 (1979)).  Petitioner's claims involve the conditions of his confinement, and not the execution of his sentence. A finding in Petitioner's favor on these claims would not alter his sentence or undo his conviction.  See Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002) ("when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 [or Bivens] is appropriate.") Furthermore, the Court notes Petitioner has filed a Bivens action in this Court, raising these same claims.  See Stile v. United States of America, 17cv2693(RMB).

---

        (i) a court has previously entered an order for less intrusive relief that has failed to remedy the deprivation of the Federal right sought to be remedied through the prisoner release order; and

        (ii) the defendant has had a reasonable amount of time to comply with the previous court orders.

Therefore, in the accompanying Order filed herewith, this Court will dismiss the present petition for lack of jurisdiction.

**Dated:<u>July 19, 2017</u>**

<u>s/Renée Marie Bumb</u>
RENÉE MARIE BUMB
United States District Judge
